Mills *v.* Shult.

---

## EDWARD MILLS *v.* JONATHAN SHULT.

Where a passage, from Chagres to this port, in a steamer, was engaged under inducements held out by a handbill posted at a place where tickets were publicly sold, and stating that the vessel would sail direct to New York; it was *held*, that the owner of the vessel was not liable for delays and deviations in the voyage, without proof that the vendors of the tickets, by whom the handbill was signed and displayed, were the owner's agents, or were authorized by him to make contracts for the sale of tickets, and to agree that the voyage should be made as represented.

The sailing of the steamer on the day named in the handbill, and the fact that the ticket so purchased is recognized on board as genuine, are not circumstances sufficient, of themselves, to warrant the presumption of agency, with such authority.

A copartnership cannot be proved by hearsay evidence. Hence, representations made on the subject by a United States consul, in a foreign port, were held incompetent.

An objection that a notice of appeal from the Marine Court has been served after the time prescribed by the statute, can be taken advantage of only by a motion to dismiss the appeal, when the fact does not appear on the return itself.

IN December, 1851, the plaintiff was at Chagres, in Central America, awaiting a means of conveyance to New York, when a steamer, owned by the defendant, arrived at the former place. The plaintiff thereupon purchased a passage ticket at the office of the mercantile house of Zachrisson, Nelson & Hyams, where a printed handbill, signed by them,

in writing, as agents, was displayed, with the words, "For New York DIRECT. The steamer, Brother Jonathan, will sail at 2 P. M., to-day."

Tickets were publicly sold at that office, as well as at one other place in Chagres, and were recognized and received on board the vessel.

The steamer sailed on the day named in the handbill, but proceeded to San Juan, where she remained about nine days, during which she went out with her passengers and assisted a ship off the shoals. Her owners were paid for this service. She then took freight, and discharged it at Navy Bay or Chagres, from which port she finally set sail again and proceeded to New York.

The detention extended from fifteen to seventeen days. The plaintiff, as he alleged, was injured in his health, and brought his action for general and specific damages in the Marine Court of this city.

There was no evidence on the trial that Zachrisson & Co. were, in fact, the agents of the steamer, or were authorized to make contracts for the sale of tickets, except the implication which the plaintiff contended should be drawn from the circumstances above stated.

The cause was tried by a jury, who found a verdict for the plaintiff for $250.

The appellant urged numerous grounds for a reversal, which this court did not deem it necessary to pass upon. Among these, he contended that the contract was the ticket, which should have been proved by the plaintiff, and notice given to the defendant to produce it, before parol evidence of its contents could be admitted.

The case was, however, decided upon two points: First, that the handbill was improperly received in evidence as a part of the contract; and, secondly, that representations of the United States consul, at Chagres, were received to show that the particular person who sold the ticket was a partner in the firm of Zachrisson & Co., and that the latter were the agents of the vessel.

The notice of appeal was served after the time limited therefor by the statute. This fact appeared by comparing the date of the notice with the facts relating to the judgment as stated in the return. The respondent, however, did not move to vacate the appeal on this ground, but relied upon it as one of his points on the argument.

*E. M. Robinson* and *J. & R. H. Sherwood*, for the appellant.

*Wm. A. Hardenbrook*, for the respondent.

By the Court. Ingraham, First J.—The objection that the appeal was too late does not appear on the return, and could only be taken advantage of on motion to set it aside.

Upon the trial of this case, the court below admitted in evidence a handbill, posted up at the office of certain persons at Chagres, in reference to the time of sailing of the steamer, and by which the plaintiff was induced to purchase a ticket for the passage. There was no evidence to show that the persons who sold the ticket were the agents of the defendant, or had any authority from him to make any representations.

In his remarks to the jury, the judge stated that the handbill formed a part of the contract, because it was exhibited to public view where the tickets were sold.

The evidence did not warrant any such instruction. Before the defendant could be held responsible for any representations made by Zachrisson & Co., it should have been proven that they were his agents, or, at least, that they had authority to make contracts for the sale of tickets. Throughout the whole case the testimony disproves such agency; and the mere fact that tickets sold by them were received on board the vessel is not sufficient to warrant the presumption of such agency. They may have purchased tickets and resold them, or may have sold for others than the owners of the vessel. The evidence appears to me insufficient to warrant the conclusion that the handbill was any part of the contract between the plaintiff and the defendant.

The court also erred in admitting the representations of the consul, as to the partnership of the person from whom the ticket was bought with Zachrisson & Co., and the alleged agency of the latter. His representations were not evidence against the defendant. They were not admissible as any part of the *res gestæ*, nor is hearsay admissible evidence to prove partnership. I know of no rule which allows the admission of such evidence.

Upon these grounds the judgment is erroneous, and it becomes unnecessary to examine the other points raised by the defendant. Some of them appear to be not free from difficulty, and it is advisable for the plaintiff, on a new trial, to avoid the objections now taken, if it can be done.

Judgment must be reversed.